IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DANIEL CRUMPLER, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : CASE NO: 7:24-cv-49 (WLS) |
| WESTLAKE SERVICES HOLDING COMPANY, and PRINCIPAL LIFE INSURANCE COMPANY, | : |
| | : |
| | : |
| Defendants. | : |
| _____ | : |

## **ORDER**

Before the Court is Defendant Westlake Holding Company's ("Defendant Westlake") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 29). Therein, Defendant Westlake moves to dismiss Plaintiff's Amended Complaint (Doc. 27) in its entirety as untimely, or under Rule 12(b)(6) for failure to state a claim.

When a motion to dismiss is filed, the Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. To ensure Plaintiff receives adequate notice regarding a motion to dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

Motion to dismiss are allowed by Federal Rule of Civil Procedure 12(b), which permits a party to move for dismissal of a complaint based on a failure to state a claim. When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Those factual allegations, however, "must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)). Unless the dismissal order states otherwise, a dismissal under Rule 12 operates as an "adjudication on the merits." Fed. R. Civ. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in

opposition to Defendant's Motion to Dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. *See* M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in the dismissal of the case, and there would be no trial or further proceedings.

Accordingly, it is **ORDERED** that Plaintiff may file his response or opposition to Defendant's Motion to Dismiss (Doc. 29). In accordance with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Georgia. Such response shall be filed **within twenty-one (21) days of the entry of this Order or 12/5/2024**. Thereafter, Defendant shall have **fourteen (14) days from the filing of Defendant's response**, if any, to submit a reply. After those deadlines have elapsed, the Court will consider Defendant's Motion to Dismiss, any opposition thereto filed by Plaintiff, and any reply to Plaintiff's opposition filed by Defendants and issue its ruling.

**SO ORDERED**, this 14th day of November 2024.

                                            **/s/ W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**